# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES P. BAILEY,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1067** (BOR Appeal No. 2048385)
(Claim No. 2012009867)

**ALPHA NATURAL RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James P. Bailey, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alpha Natural Resources, Inc., by Robert J. Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed a May 13, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 27, 2012, decision which granted no permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey, a coal miner, was injured on September 15, 2011, while working underground when a large piece of rock fell and struck his head. He was treated that day at Raleigh General Hospital where he reported neck pain and stiffness as well as a headache. Cervical spine x-rays were normal and he was diagnosed with a contusion and closed head injury. The claim was held compensable for contusion of the face, scalp, and neck.

1

Three independent medical evaluations were performed in order to determine the amount of permanent impairment Mr. Bailey sustained as a result of his compensable injury. The first independent medical evaluation was performed on December 13, 2011, by Bruce Guberman, M.D. Mr. Bailey reported that his neck pain and stiffness resolved entirely within two to three weeks after the injury, and he had no pain or stiffness in his head or neck at that time. Dr. Guberman diagnosed resolved contusion of the head and neck. He noted that there were no cervical range of motion abnormalities and therefore assessed 0% cervical spine impairment.

A second independent medical evaluation was performed by H.R. Fleschner, D.C.C.R.P., on July 26, 2012. Dr. Fleschner assessed 9% whole person impairment for the cervical spine, placed Mr. Bailey in Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006), and adjusted the rating to 8% impairment. Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 13, 2012. He noted that Mr. Bailey reported pain in his back and shoulder but none in his neck. Cervical range of motion was normal, and Dr. Mukkamala assessed 0% cervical spine impairment.

The claims administrator granted Mr. Bailey no permanent partial disability award on January 27, 2012. The Office of Judges affirmed the decision in its May 13, 2013, Order. It found that the claim has only been held compensable for contusion of the face and scalp. Drs. Guberman and Mukkamala both found no range of motion abnormalities in the cervical spine. In contrast, Dr. Fleschner found 8% impairment. The Office of Judges found that Dr. Fleschner did not include a rating from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) in his assessment and did not give an explanation as to why it was omitted. His report was therefore determined to be less reliable than the others of record. The Office of Judges further noted that Dr. Guberman examined Mr. Bailey seven months prior to Dr. Fleschner and Dr. Mukkamala examined him two months after Dr. Fleschner and neither physician found cervical impairment. Additionally, Mr. Bailey reported to Dr. Guberman that his cervical pain had completely resolved. The Office of Judges determined that even if Dr. Fleschner's assessment was correct at the time it was performed, he must have recorded the results of a temporary condition as the symptoms were not present two months later.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 23, 2013, decision. On appeal, Mr. Bailey argues, per the report of Dr. Fleschner, that a preponderance of the evidence establishes that he is entitled to an 8% permanent partial disability award. Alpha Natural Resources, Inc., asserts that Dr. Fleschner's report was not reliable and was not indicative of permanent impairment. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Bailey sustained no permanent impairment to his cervical spine as a result of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Justice Brent D. Benjamin, disqualified